GREGORY S. GEWIRTZ (Pro Hac Vice Application Forthcoming)
ggewirtz@lernerdavid.com
JONATHAN A. DAVID (Pro Hac Vice Application Forthcoming)
jdavid@lernerdavid.com
RYAN L. BERGERON (Pro Hac Vice Application Forthcoming)
rbergeron@lernerdavid.com
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:    908.654.7866

DUANE M. GECK (State Bar No. 114823)
dmg@severson.com
ELIZABETH HOLT ANDREWS (State Bar No. 263206)
eha@severson.com
WILLIAM A. ASPINWALL (State Bar No. 308919)
waa@severson.com
SEVERSON & WERSON PC
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel:    415.398.3344
Fax:    415.956.0439

*Attorneys for Plaintiff Blanqi LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANQI LLC,<br><br>       Plaintiff,<br> v.<br><br>BAO BEI MATERNITY and<br>SUZANNE KOVAL, individually,<br><br>  Defendants. | **Document Filed Electronically**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

12791.0001/10923207.2

1

COMPLAINT

Plaintiff, Blanqi LLC, by and through its undersigned counsel, hereby alleges and avers for its complaint against Defendants Bao Bei Maternity and Suzanne Koval, as follows:

**PARTIES**

1. Plaintiff Blanqi LLC ("Blanqi" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal place of business at 781 Wheeler Street NW, Studio 12, Atlanta, GA 30318.

2. Upon information and belief, Defendant Bao Bei Maternity ("Bao Bei") is a business having its principal place of business at 2213 Harbor Bay Parkway, Alameda, CA 94502.

3. Upon information and belief, Defendant Suzanne Koval ("Koval," and collectively with Bao Bei, "Defendants") is the owner of Bao Bei and resides at 29040 Eden Shores Drive, Hayward, CA 94545.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, and 1338(a) based on Blanqi's claims for trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

5. This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with substantially related claims herein under the Lanham Act.

6. This Court has supplemental jurisdiction over the state law unfair competition claims pursuant to 28 U.S.C. § 1367(a).

7. Upon information and belief, Koval resides in this judicial district and is actively engaged in promoting, advertising, marketing, and offering services and doing business within this judicial district.

8. Upon information and belief, Bao Bei has its principal place of business in this judicial district and is actively engaged in promoting, advertising, marketing, or offering its services and doing business within this judicial district.

9. Upon information and belief, this Court has personal jurisdiction over both Defendants.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), (c), (d) as the Defendants both reside in this judicial district and a substantial part of the events giving rise to the claims of this complaint occurred in this district.

## BACKGROUND

### Plaintiff's Development Of Trademark Rights

11. Blanqi is a manufacturer, wholesaler, and direct retailer of quality support wear products including various maternity shapewear and support garments sold under the BLANQI trademark and other trademarks owned by Blanqi.

12. Blanqi is the owner of the trademark SPORTSUPPORT, which is the subject of U.S. Trademark Serial No. 86560797 ("the '797 Application") for use with various wearing apparel including but not limited to maternity clothing, sports bras and tank tops.

13. Plaintiff has used the SPORTSUPPORT mark in commerce in conjunction with the marketing of at least sports bras and women's tank tops.

### Defendants' Wrongful Acts

14. Upon information and belief, Bao Bei is a retailer and distributor of clothing apparel, including maternity wear, for women throughout the United States.

15. Upon information and belief, Bao Bei has used the trademark SPORTY SUPPORT in connection with the marketing of sports bras on its Instagram social media site.

16. The SPORTY SUPPORT trademark as used by Bao Bei is likely to be confused with Blanqi's SPORTSUPPORT trademark.

17. Blanqi initially put Defendants on notice through a letter dated October 27, 2016 that the Defendants use of the trademark SPORT SUPPORT constituted infringement of Blanqi's SPORT SUPPORT trademark.

18. Counsel for the Defendants replied to the Blanqi's October 27, 2016 letter stating that the Defendants agree to discontinue the use of the combined terms SPORT and SUPPORT in connection with the subject goods.

19. Despite the foregoing representation, Defendants have again commenced infringement of Blanqi's SPORTSUPPORT trademark. Upon information and belief, Bao Bei

1  marketed a sports bra on Instagram in connection with the trademark SPORTY SUPPORT in May
2  2017.
3         20.    Blanqi sent a letter on June 22, 2017 to Defendants advising that Bao Bei's use of
4  the SPORTY SUPPORT mark in connection with sports bras constituted infringement of Blanqi's
5  SPORTSUPPORT trademark.
6         21.    Upon information and belief, Defendants continue to willfully infringe Blanqi's
7  SPORTSUPPORT trademark through Defendants' marketing of sports bras in association with the
8  SPORTY SUPPORT mark.
9         22.    Over the course of at least 2016 and 2017, Defendants have copied various original
10 text and the overall appearance, including color schemes, fonts, and the general layout and style,
11 created by Blanqi on Instagram, Facebook, Twitter, and Blanqi's company website ("Copied
12 Materials").
13        23.    A substantial number of the copied texts were posted on Instagram the same day or
14 just a few days after posts by Blanqi while others took place within just months of Blanqi's posts.
15        24.    Examples of these posts include the posting by Defendants of the slogan
16 "motherhood inspired" on Instagram on January 31, 2017 after Blanqi posted the slogan "Inspired
17 by Motherhood" on Instagram that same day; the posting by Defendants of the expression "360
18 degrees" on Instagram on May 13, 2017 after Blanqi posted the same expression the same day;
19 and the posting by Defendants of the expression "the most coveted maternity support" on
20 September 8, 2016 after Blanqi posted the expression "the most coveted . . . support" just days
21 earlier on August 27, 2016.  These examples as well as additional examples of similar acts of
22 copying by Defendants, including social media posts, are shown in Exhibit A attached hereto.

### FIRST CLAIM FOR RELIEF

### False Designation Of Origin In Violation Of 15 U.S.C. § 1125(a)

25        25.    Plaintiff repeats and realleges the preceding allegations as if restated in full herein.
26        26.    Defendants' use of the SPORTY SUPPORT trademark is likely to cause confusion,
27 or to cause mistake, or to deceive as to the affiliation, connection, or association, with Blanqi and
28

its SPORTSUPPORT trademark in violation of Sections 35(a) and 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

27. The aforesaid acts of Defendants were committed willfully, knowingly, and in conscious disregard of its legal obligations to Plaintiff.

28. Blanqi has been damaged by Defendants' infringement of the SPORTSUPPORT trademark and is suffering, and will continue to suffer, irreparable harm and damage to its property and business as a result of Defendants' infringement unless such infringement is enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### Unfair Competition Under California Bus. & Prof. Code § 17200 *et seq.*

29. Plaintiff repeats and realleges the preceding allegations as if restated in full herein.

30. The aforesaid acts of Defendants constitute unfair competition as they are unlawful, unfair, deceptive, and misleading and are thus prohibited by Section 17200, *et seq.*

31. Defendants marketing and sales of products using the SPORTY SUPPORT mark and their use of Copied Materials constitute unfair competition. Those acts also evidence an overall scheme to deceive customers of the competing products of Blanqi and Bao Bei as to the origin of such products, and to improperly trade on Blanqi's creative and proprietary marketing materials.

32. Blanqi has been damaged by Defendants' acts of unfair competition and is suffering, and will continue to suffer, irreparable harm, lost profits, and damage to its property and business as a result of Defendants' acts of unfair competition unless such acts are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant relief in its favor for the following:

A. A judgment that the Defendants have infringed Blanqi's SPORTSUPPORT trademark;

  B. A judgment that the Defendants have willfully infringed Blanqi's SPORTSUPPORT trademark;

  C. A preliminary and a permanent injunction as provided by 15 U.S.C. § 1116 enjoining Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from selling, offering for sale, distributing or advertising clothing in connection with the SPORTY SUPPORT trademark or any trademark that is likely to be confused with Blanqi's SPORT SUPPORT trademark;

  D. A declaration that Defendants have infringed Blanqi's SPORTSUPPORT trademark; and an order requiring Defendants, at the conclusion of this matter, to deliver to Blanqi, or destroy, all materials in its possession bearing the SPORTSUPPORT mark, together or individually;

  E. An accounting to determine Defendants' profits in connection with sales of products or services identified by the SPORTSUPPORT mark, together or individually, or use by Defendants of any mark, badge, or designation likely to be confused with the foregoing, and an award to Plaintiff of such profits;

  F. An award of compensatory damages arising out of Defendants' infringing uses of the SPORTY SUPPORT trademark, and trebling such damages as provided by 15 U.S.C. § 1117(a);

  G. A preliminary and permanent injunction as provided by California Bus. & Prof. Code § 17203 enjoining the Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from further engaging in the aforesaid acts of unfair competition;

  H. An award of restitution and lost profits resulting from Defendants' acts of unfair competition as provided by California Bus. & Prof. Code § 17203;

  I. An award of Plaintiff's reasonable attorney fees and the costs of this action, including those provided by 15 U.S.C. § 1117(a), on the ground that this is an exceptional case;

  J. An award of prejudgment and post judgment interest on the above monetary awards; and

K.     An award of such other and further relief as this Court deems equitable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

DATED:  October 5, 2017                     Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:     */s/ William A. Aspinwall*
              William A. Aspinwall

Attorneys for Plaintiff
Blanqi LLC

12791.0001/10923207.2

7

COMPLAINT