UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANQI, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>BAO BEI MATERNITY, et al.,<br><br>        Defendants. | Case No. 3:17-cv-05759-WHO<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 20 |

## INTRODUCTION

Plaintiff Blanqi LLC ("Blanqi"), a manufacturer and seller of support wear products, owns the trademark SPORTSUPPORT. It claims that defendant Suzanne Koval and her company Bao Bei Maternity infringed that mark with Instagram posts referencing a "Sport Support Underbust Tank" and marketing a sports bra using an alleged trademark of "sporty support." Defendants respond that they used the terms "otherwise than as a mark," in their descriptive sense, and are therefore entitled to a fair use defense. They also insist that the two instances of alleged infringement provide an insufficient basis for Blanqi to prevail on its claim under the Lanham Act, and urge that Blanqi's claim under California's Unfair Competition Law is preempted by the Copyright Act. Although defendants' arguments may prove meritorious down the road, they fail to derail Blanqi's claims at the pleading stage. Defendants' motion is DENIED.

## BACKGROUND

Blanqi manufactures and sells support wear products, including maternity shapewear, under the BLANQI trademark. Compl. ¶ 11. It owns the trademark SPORTSUPPORT, subject of U.S. Trademark Serial No. 86560797 ("the '797 application"), for use with apparel, including maternity clothing, sports bras, and tank tops. *Id*. ¶ 12. It has used the SPORTSUPPORT mark to

market sports bras and tank tops. *Id.* ¶ 13.

Defendant Suzanne Koval owns defendant Bao Bei Maternity ("Bao Bei"), a retailer and distributor of supportive maternity wear. Compl. ¶¶ 2–3, 14. On October 27, 2016, Blanqi sent Bao Bei a letter indicating that its use of the term "Sporty Support" constituted infringement of its SPORTSUPPORT mark.[1] *Id.* ¶¶ 16–17.

In May 2017, "Bao Bei marketed a sports bra on Instagram in connection with the trademark SPORTY SUPPORT[.]" Compl. ¶ 19. Blanqi alleges that Bao Bei continues to willfully infringe Blanqi's SPORTSUPPORT mark through Bao Bei's marketing of sports bras with the SPORTY SUPPORT mark. *Id.* ¶ 21. It further alleges that defendants have "copied various original text and the overall appearance, including color schemes, fonts, and the general layout and style, created by Blanqi on Instagram, Facebook, Twitter, and Blanqi's company website[.]" *Id.* ¶ 22. Blanqi provided examples of Bao Bei's copying close in time to Blanqi's use of certain phrases, including: Bao Bei posted "motherhood inspired" the same day Blanqi posted "Inspired by Motherhood; Bao Bei posted "360 degrees" the same day as Blanqi; and Bao Bei posted "the most coveted maternity support" just over a week after Blanqi posted "the most coveted … support[.]" *Id.* ¶ 24.[2]

On October 5, 2017, Blanqi filed suit, asserting claims for false designation of origin under 15 U.S.C. § 1125(a) ("the Lanham Act"), Compl. ¶¶ 25–28, and unfair competition under California Business and Professional Code § 17200 et seq. ("the UCL"), *id.* ¶¶ 29–32.

## LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) utilizes the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

---

[1] Blanqi's complaint and opposition inappropriately cited certain pre-complaint negotiations between the parties. Blanqi may feel justified in these references, but, as mentioned during the hearing, settlement negotiations are irrelevant to the validity or invalidity of Blanqi's claims. *See* Fed. R. Evid. 408. It should stop referencing settlement negotiations.

[2] Blanqi attached an exhibit purporting to list specific examples of copying. Compl., Ex. A (Dkt. No. 4); *see* Compl. ¶24.

1047, 1055 n.4 (9th Cir. 2011). Under both provisions, the court accepts the facts alleged in the complaint as true and must determine whether the facts entitle the plaintiff to a legal remedy. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted). Either motion may be granted only when it is clear that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 534 (9th Cir. 1984).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the well-pleaded facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

## DISCUSSION

Defendants argue that Blanqi's false designation of origin claim under the Lanham Act must fail because Blanqi has yet to use the mark and the allegations amount to "*de minimis*, non-infringing use, 'otherwise than as a mark' under 15 U.S.C. § 1115(b)(4)." Mot. for J. on Pl. at 2 ("Mot.")(Dkt. No. 20). They also urge that Blanqi's claim under the UCL is preempted "because it alleges rights equivalent to copyright[.]" *Id.*

### I. FALSE DESIGNATION OF ORIGIN CLAIM

Section 43(a) of the Lanham Act provides civil liability for

> Any person who, on or in connection with any goods or services, …

3

> uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, … which--
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person[.]

15 U.S.C. § 1125. "To be liable for trademark infringement under § 1125(a), a person must (1) use in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007).

Blanqi insists that it has stated a claim for relief because it alleges ownership of the SPORTSUPPORT mark, and defendants' use of a SPORTY SUPPORT mark in a way likely to cause confusion among consumers. Opp'n at 3–4 (Dkt. No. 24). It brushes off defendants' attacks by insisting that they are relegated to summary judgment arguments.

Defendants attached to their answer plaintiff's Request for Extension of Time to File a Statement of Use, which it filed in the trademark office the same day it filed this complaint. *See* Answer, Ex. A (Dkt. No. 19-1). Defendants argue that this pending intent-to-use application demonstrates that the designation does not function as a trademark and cannot act as a symbol of Blanqi's goodwill. Mot. at 5–6. They cite to *Omega S.A. v. Omega Engineering, Inc.*, 396 F. Supp. 2d 166, 174 (D. Conn. 2005) for support. But in that case, the court addressed whether the *defendant* had used the allegedly infringing mark in commerce. The court stated, "[n]either the application for a trademark registration nor the existence of a pending trademark application give rise to a claim of trademark infringement or false designation of origin." *Id*. Blanqi's intent-to-use application is irrelevant to whether the defendants have used an allegedly infringing mark in commerce. To the extent defendants highlighted the application to challenge the registration status of the SPORTSUPPORT mark, that argument is also irrelevant because "infringement lies for both registered and unregistered trademarks when the alleged infringer's use 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 431 (9th Cir. 2017)(citing 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)(A)). Blanqi's complaint includes factual allegations that it has used the SPORTSUPPORT mark in commerce,

which is sufficient to establish that element of the claim at the pleading stage.

Defendants next argue that Blanqi's trademark claim must fail because the infringement allegations are directed to their use of the words "sport," "sporty," and "support" in the descriptive sense and not as trademarks. Mot. at 6–7. They insist that this entitles them to a fair use defense. *Id*. To recover under the Lanham Act, an owner of a registered mark must prove infringement as defined in section 1114, and is subject to certain affirmative defenses, including:

> That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin[.]

15 U.S.C. § 1115(b)(4); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 118 (2004)(describing this affirmative defense as fair use).

Blanqi disputes the extent to which defendants' use of the words is merely descriptive, and it highlights its allegation that defendants "marketed a sports bra on Instagram in connection with the *trademark* SPORTY SUPPORT" and designated their underbust tank as a "Sport Support Underbust Tank." Compl. ¶ 19 (emphasis added); Compl., Ex. A at 9; *see* Opp'n at 6–7. It appears that defendants' usage of the words attacked by Blanqi are "otherwise than as a mark" because they are descriptive of Bao Bei's own products, but Blanqi clearly disputes this fact. This issue should be left for summary judgment.[3]

Last, defendants insist that their use of "sporty support" and "sport support" as identified by Blanqi is a "de minimis" use that does not amount to infringement under the law. Mot. at 7–8. Blanqi counters that (1) it provided only examples, not an exhaustive list; (2) the purported defense cannot undermine its ability to state a claim; and (3) the de minimis doctrine is a copyright principle not applicable to the Lanham Act. Opp'n at 7. In reply, defendants dispute the third contention and neglect to address the first two. They have failed to convince me that this defense is appropriately addressed at the pleading stage.

Defendants' arguments raise serious questions as to Blanqi's ability to succeed on its

---

[3] I note that none of the defendants' cases resolved the issue of affirmative defenses on a motion for judgment on the pleadings.

5

Lanham Act claim, but provide no basis to dismiss it at the pleading stage. Defendants' motion for judgment on this claim is DENIED.

## II. UNFAIR COMPETITION CLAIM

Defendants urge that Blanqi's claim under the UCL must fail because it is preempted by the Copyright Act. The Copyright Act provides an express preemption clause whereby

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). "To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1143 (9th Cir. 2006)(quoting another source).

Blanqi's unfair competition claim is premised on its allegation that defendants "copied various original text and the overall appearance, including color schemes, fonts, and the general layout and style" posted on social media. Compl. ¶¶ 22–24; *see id.* (defining these as "Copied Materials"). Defendants argue that Blanqi's claim attempts to assert rights equivalent to those within the scope of the Copyright Act and must be dismissed. But Blanqi insists that defendants engaged in unfair and misleading actions prohibited by California's UCL, including "unfairly copy[ing] or closely replicat[ing] the look and feel, layout, style, wording, marks, and slogans of Blanqi in connection with [defendants'] advertising and social media campaigns." Opp'n at 7.

The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). Blanqi highlights the California Supreme Court's pronouncement that "the unfair competition law's scope is broad" and its "coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by

6

law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)(internal quotation marks omitted). It contends that "defendants' acts of wholesale copying of Blanqi's creative materials are clearly unfair and deceptive actions that constitute violations of the UCL" and "are not related to the copyright laws[.]" Opp'n at 10.

Blanqi's UCL claim is not preempted. Although it stresses certain "Copied Materials," its UCL claim focuses on defendants' use of these materials close in time to Blanqi's use in a manner designed to confuse consumers. In other words, Blanqi alleges that defendants have misappropriated Blanqi's goodwill.[4] The subject of its claim is not based on control of copyrighted works and therefore does not fall within the scope of the Copyright Act and is not preempted.

## III. ATTORNEY'S FEES

At this time, I see no basis to find this case exceptional under the Lanham Act so defendants are not entitled to an award of attorney's fees. But, as I stated during the hearing, my perspective on this issue may change as the case unfolds.

## CONCLUSION

In accordance with the forgoing, defendants' motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED.**

Dated: February 15, 2018

William H. Orrick
United States District Judge

---

[4] Although I note, as defendants did, that no goodwill is referenced in the complaint. *See* Reply at 4. But both sides agree that these copied words and slogans *are not* protected by copyright law. *See* Opp'n at 11 (conceding that these words and short phrases cannot be protected by copyright laws); Reply 5 (noting plaintiff's concession). This fact suggests that Blanqi's UCL claim does not interfere with "the exclusive rights within the general scope of copyright… ." 17 U.S.C. § 301(a); *cf. Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017)("Because plaintiffs seek to hold T3Media liable for exercising rights governed exclusively by copyright law, the claims are preempted by section 301 of the Copyright Act.").